```
IN THE UNITED STATES DISTRICT COURT
    FOR THE SOUTHERN DISTRICT OF ALABAMA
              SOUTHERN DIVISION
```

MARSHALL DEWAYNE MAYHEW,  \*
                          \*
    Petitioner,       \*
                          \*
vs.                       \*   CRIMINAL NO. 13-00281-CG-B-1
                          \*   CIVIL ACTION NO. 16-072-CG-B
UNITED STATES OF AMERICA, \*
                          \*
    Respondent.       \*

## REPORT AND RECOMMENDATION

Pending before the Court is Petitioner Marshall Dewayne Mayhew's Motion to Vacate, Set Aside, or Correct Sentence under 28 U.S.C. § 2255, the Government's Motion to Dismiss, and the Petitioner's Response in Opposition and Supplemental Response. (Docs. 36, 39, 40, 41). This action has been referred to the undersigned Magistrate Judge for a report and recommendation pursuant to 28 U.S.C. § 636(b)(1)(B) and Rule 8(b) of the Rules Governing Section 2255 Cases and is now ready for consideration.

The undersigned has conducted a careful review of the record and finds that no evidentiary hearing is required to resolve this case. Kelley v. Sec'y for Dep't of Corr., 377 F. 3d 1317 (11th Cir. 2004). Following a complete review of this action, the undersigned recommends that the Government's Motion to Dismiss be **GRANTED**, and that Mayhew's habeas petition be **DISMISSED**. The undersigned further recommends that in the event Mayhew files a certificate of appealability, and seeks to appeal

*in forma pauperis,* said requests should be **DENIED**.

I.  PROCEDURAL HISTORY

On March 18, 2014, Mayhew entered a plea of guilty to possession of a stolen firearm in violation of 18 U.S.C. § 922(j). (Doc. 21). Mayhew was sentenced to 120 months imprisonment, followed by three (3) years of supervised release. (Doc. 31). He did not appeal.

On February 12, 2016, Mayhew filed the instant habeas motion, and raises a number of claims including ineffective assistance of counsel, sentencing in excess of the maximum authorized by law under Johnson v. United States, 135 S. Ct. 2551 (2015), involuntary guilty plea, inaccurate and incomplete information on his Pre-Sentence Investigation Report, violation of the protections against self-incrimination and double jeopardy, prosecutorial misconduct, and conviction by a court without jurisdiction to render the judgment or impose the sentence.[1] (Doc. 36). In response, the Government seeks dismissal of Mayhew's habeas petition as untimely. The Government argues that Mayhew's petition was filed more than one year after his conviction became final and it is not subject to the newly

---

[1] Under the mailbox rule, absent contrary evidence, a prisoner's motion is deemed filed on the date it is delivered to prison officials for mailing. Washington v. United States, 243 F.3d 1299, 1301 (11th Cir. 2001). This petition is post-marked February 12, 2016, so that is the date the Court will use in its analysis.

2

recognized right under Johnson. (Doc. 39). Mayhew filed both a response and a supplemental response wherein he reiterates his previous claims and argues that his inability to file a 2255 petition within the applicable limitations period was through no fault of his own. (Docs. 39, 41). For the following reasons, the undersigned finds that Mayhew's petition is untimely and thus recommends that the Government's Motion to Dismiss be **GRANTED**, and his petition be **DENIED** as untimely.

## II. Analysis

Section 28 U.S.C. § 2255(f), which amended the Anti-Terrorism and Effective Death Penalty Act of 1996 ("AEDPA"), provides as follows:

> A 1-year period of limitation shall apply to a motion under this section. The limitation period shall run from the latest of:
>
> (1) the date on which the judgment of conviction becomes final;
>
> (2) the date on which the impediment to making a motion created by governmental action in violation of the Constitution or laws of the United States is removed, if the movant was prevented from making a motion by such governmental action;
>
> (3) the date on which the right asserted was initially recognized by the Supreme Court, if that right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
>
> (4) the date on which the facts supporting the claim or claims presented could have been discovered through the exercise of due diligence.

28 U.S.C. § 2255 (f).

Multiple sections of § 2255(f) are arguably applicable to Mayhew's case. § 2255 (f)(1) calculates the timeliness of the petition from the date the judgment of conviction became final. § 2255 (f)(3) calculates the timeliness of the petition from the date that the right asserted was initially recognized by the Supreme Court, and § 2255 (f)(4) calculates timeliness based upon facts supporting the claims that could have been discovered through the exercise of due diligence. The court will evaluate the timeliness of Mayhew's petition under each of these sections.

Looking first to § 2255 (f)(1), the docket reflects that Mayhew was sentenced and judgment was entered by this Court on June 18, 2014. Because Mayhew did not file an appeal with the Eleventh Circuit Court of Appeals, his judgment became final fourteen (14) days from the date of judgment, or on July 2, 2014. Mederos v. United States, 218 F.3d 1252, 1253 (11th Cir. 2000)(in a § 2255 action where no appeal is filed, the judgment becomes final when the time for filing an appeal expires). Accordingly, Mayhew had until July 2, 2015 to timely file his § 2255 petition. See Fed. R. App. P. 4(b)(1)(A)(i)("In a criminal case, a defendant's notice of appeal must be filed in the district court within 14 days after the later of: (i) the entry

of either the judgment or the order being appealed…"). However, Mayhew did not file his petition until February 12, 2016, which is more than seven months *after* the limitation period ended. (Doc. 36). Thus, Mayhew's petition is due to be dismissed under 28 U.S.C. § 2255 (f)(1) unless he can show that another section is applicable or that equitable tolling applies.

Mayhew argues that his case actually falls under 28 U.S.C. § 2255 (f)(3), which provides that the limitations period runs from "the date on which the right asserted was initially recognized by the Supreme Court, if that right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review". Mayhew bases his assertion on the Supreme Court's decision in Johnson v. United States, 135 S. Ct. 2551 (2015), which was rendered on June 25, 2015. (Doc. 36 at 13).

As an initial matter, the court notes that the Johnson decision is not remotely related to the majority of the claims raised in Mayhew's petition. His only claim that could potentially be affected by the Johnson decision is his assertion that his sentence was increased under the Armed Career Criminal Act ("ACCA")'s residual clause, which has now been rendered unconstitutionally vague. (Doc. 36 at 13, 16). If Mayhew had actually be sentenced under that clause, his claim could be brought under 28 U.S.C. § 2255 (f)(3), as the petition was

5

brought within one year after the Supreme Court's Johnson decision. However, the record clearly reflects that Mayhew was not sentenced under the ACCA.

If a violator has three or more earlier convictions for a "serious drug offense" or "violent felony", the ACCA increases his or her prison term to a minimum of 15 years. 18 U.S.C. § 924(e)(1). "Violent felony" is defined as:

> "any crime punishable by imprisonment for a term exceeding one year… that –
> (i) has as an element the use, attempted use, or threatened use of physical force against the person of another; or
> (ii) is burglary, arson, or extortion, involves use of explosives, or *otherwise involves conduct that presents a serious potential risk of injury to another.*

18 U.S.C. § 924(e)(2)(B)(emphasis added). The italicized portion is known as the residual clause, and is the provision at issue in Johnson. See Johnson, 135 S. Ct. at 2555-2556. The Supreme Court held that this residual clause denies fair notice to defendants and invites arbitrary enforcement by judges; therefore, increasing a defendant's sentence under the clause denies due process of law. Johnson, 135 S. Ct. at 2557.

Mayhew, however, was not convicted of a § 922(g) charge, and was not sentenced under this provision. Instead, he was convicted of possessing a stolen firearm under 18 U.S.C. §922(j). Because a violation of § 922(j) is subject to a 10-year

6

statutory maximum sentence, *see* § 924(a)(2), he was sentenced to 120 months. (Doc. 31). Therefore, the residual clause was never applied to Mayhew's sentence, and Johnson is wholly inapplicable. As a result, § 2255(f)(3) provides no basis for extending the limitation period for Mayhew's petition.

Mayhew also appears to allege that newly discovered facts exist that make his petition timely under 28 U.S.C. § 2255(f)(4). According to Mayhew, the "facts relied upon were not known by petitioner or petitioner's counsel at the time of trial or sentencing or in time to file a post-trial motion". (Doc. 36 at 15). §2255(f)(4) provides that the one-year limitation period shall run from "(4) the date on which the facts supporting the claim or claims presented could have been discovered through the exercise of due diligence." 28 U.S.C. § 2255(f)(4). Under this provision, the statute of limitations is triggered by a date "that is not necessarily related to a petitioner's actual efforts or actual discovery of the relevant facts." Dauphin v. United States, 604 Fed. Appx. 814, 817 (11th Cir. 2015)(citing Aron v. United States, 291 F. 3d 708, 711 (11th Cir. 2002)).

An inquiry into whether a petition is timely under this provision should first consider whether the petitioner exercised due diligence, and if the court finds that he did so, the limitations period begins to run on the date he actually

7

discovered the relevant facts, because the dates of actual and possible discovery would be identical. Id. However, if the court finds that the petitioner did not exercise due diligence, the limitation period would run from the date that the relevant facts *could* have been discovered with the exercise of due diligence. Id. at 817-818 (emphasis added). Due diligence "does not require a prisoner to undertake repeated exercises in futility or to exhaust every imaginable option, but to make reasonable efforts." Id. at 818 (quoting Aron, 291 F. 3d at 712). This is an individualized inquiry that must take into account "the conditions of confinement and the reality of the prison system." Id. (citation omitted in original).

The only 'newly discovered facts' Mayhew discusses are: (1) that he did not know he had a right against self-incrimination, (2) he did not know he had a right to have favorable evidence disclosed to him by the prosecution, and (3) the sentence imposed upon him exceeded the maximum authorized by law. (Doc. 36 at 13). He also appears to assert that the decision in Johnson constitutes a newly discovered fact. (Id.). To the extent that he is claiming that the Johnson decision constitutes a newly discovered fact, even if it were found to be applicable in this case, a legal decision is not a "new fact" for the purposes of this section. Morgan v. United States, 2014 WL 3905187 at *3 (M.D. Ala. June 25, 2015)(citations omitted). The

limitation period in §2254(f)(4) goes to newly discovered facts or evidence, not a change in the law. Id.

Further, Mayhew has not made the requisite showing that he exercised due diligence in discovering the other 'newly discovered facts' that he alleges in his petition. The right against self-incrimination is described in the plea agreement that he signed, thereby refuting his claim that he was unaware of this right until after the proceedings concluded. (Doc. 20 at 1). Further, the court has discussed in detail above the claim that the sentence imposed upon him exceeded the maximum authorized by law under Johnson, and found that claim without merit.

The only other 'fact' that Mayhew claims was 'newly discovered is that the prosecution was required to disclose favorable evidence to him. He does not give any information as to what evidence the prosecution allegedly withheld from him. An issue must be "fairly presented" in order to trigger consideration, and a reference without discussion or legal authority, such as that made by Mayhew, does not meet that standard. Smith v. Secretary, Department of Corrections, 572 F. 3d 1327, 1352 (11th Cir. 2009).

As Mayhew has not shown that his petition is timely under any of the provisions of 28 U.S.C. § 2255(f), his petition should be considered untimely unless equitable tolling is found to

apply. Equitable tolling applies to the statute of limitations set forth in 28 U.S.C. § 2255(f). Sandvik v. United States, 177 F.3d 1269, 1271 (11th Cir. 1999); see also Holland v. Florida, 560 U.S. 631, 130 S. Ct. 2549, 1777 L. Ed. 2d 130 (2010) (holding similar statute of limitations in 28 U.S.C. § 2244(d) is subject to equitable tolling). "[A] petitioner is entitled to equitable tolling only if he shows (1) that he has been pursuing his rights diligently, and (2) that some extraordinary circumstance stood in his way." Holland, 560 U.S. at 649 (internal quotation marks omitted); see also Sandvik, 177 F.3d at 1271. The diligence required is "reasonable diligence," not "maximum feasible diligence," see Holland, 560 U.S. at 653, and the extraordinary circumstance prong requires a causal connection between the circumstance and the late filing. San Martin v. McNeil, 633 F.3d 1257, 1267 (11th Cir. 2011).

With regard to equitable tolling, the only argument that Mayhew seems to assert to support equitable tolling is that he repeatedly tried to contact his attorney and his attorney would not respond. (Doc. 36 at 13). All of his arguments relate to the timeliness of his case because of the Johnson decision or the discovery of newly discovered facts. Both of these arguments have discussed at length and rejected *supra.*

These assertions fall short of establishing the extraordinary circumstances that would justify equitable

10

tolling. As noted, equitable tolling is appropriate when a petitioner fails to timely file his petition due to extraordinary circumstances beyond his control and unavoidable even with diligence. Steed v. Head, 219 F.3d 1298, 1300 (11th Cir. 2000). The burden firmly rests with the petitioner to establish that he is entitled to the benefit of this extraordinary remedy. Drew v. Dep't of Corr., 297 F.3d 1278, 1286 (11th Cir. 2002) overruled on other grounds by Pace v. DiGuglielmo, 544 U.S. 408, 417, 125 S. Ct. 1807, 161 L. Ed. 2d 669 (2005). See also Jones v. United States, 304 F.3d 1035, 1040 (11th Cir. 2002); Johnson v. Fla. Dep't of Corr., 513 F.3d 1328, 1333 (11th Cir. 2008) ("Johnson bears the burden of establishing equitable tolling."), cert. denied sub nom. Johnson v. McNeil, 555 U.S. 851, 129 S. Ct. 348 (2008); Spottsville v. Terry, 476 F.3d 1241, 1245 (11th Cir. 2007) ("The burden of establishing entitlement to this extraordinary remedy plainly rests with the petitioner[.]")(quoting Wade v. Battle, 379 F.3d 1254, 1265 (11th Cir. 2004)).

While Mayhew contends that he repeatedly attempted to contact his attorney, he is the only one who can be held responsible for the late filing of his § 2255 petition because there is no constitutional right to counsel on collateral review. Pennsylvania v. Finley, 481 U.S. 551, 555, 107 S. Ct. 1990, 95 L. Ed. 2d 539 (1987)("[W]e have never held that

11

prisoners have a constitutional right to counsel when mounting collateral attacks upon their convictions.") While serious attorney misconduct, including acts of gross negligence and acts of outright willful deceit, can constitute "extraordinary circumstances" which would justify equitable tolling of a movant's § 2255 motion, he has not pointed to any such conduct. Downs v. McNeil, 520 F.3d 1311, 1323 (11th Cir. 2008); see also Holland, 560 U.S. at 633 (holding that equitable tolling may be available in an "extraordinary" instance in which the conduct of a petitioner's attorney constitutes more than "garden variety" or "excusable neglect").

Mayhew also alleges that his attorney did not file an appeal when requested, and did not respond when he or his family tried to contact him "upon several occasions" in 2014 and 2015. See Doc. 41 at 1. A § 2255 motion based on counsel's failure to file a requested direct appeal is only considered timely under § 2254(f)(4) if the Petitioner files within one year of the discovery, through the exercise of due diligence, that counsel did not file the requested appeal. Long v. United States, 626 F.3d 1167, 1169 (11th Cir. 2010). Should the Court assume, *arguendo*, that these allegations are true, the court must focus on Mayhew's "own actions in the face of his attorney's inaction" when determining whether Mayhew used the due diligence required to warrant equitable tolling. See George v. Dept. of

Corrections, 438 Fed. Appx. 751, 753 (11th Cir. 2011)(citing Holland v. Florida, 560 U.S. 631, 130 S. Ct. 2549, 2565, 177 L. Ed. 2d 130 (2010)).

In this case, there are only vague mentions of attempts to contact his attorney regarding an appeal, and there is nothing before the Court indicating that Mayhew ever contacted the Court to determine whether an appeal had been filed. His assertions regarding an indeterminate amount of attempts to contact his trial counsel do not rise to the level of due diligence required to warrant equitable tolling in this case. Compare George, 438 Fed. Appx. at 753 (court found that petitioner did not meet the requirements of due diligence when he pointed to only two letters written to counsel requesting a state post-conviction motion, neither of which were presented to the district court and were therefore not considered on appeal) to Holland, 560 U.S. at 653, 130 S. Ct. at 2565. (Petitioner exercised due diligence where he repeatedly sent letters emphasizing the importance of timely filing an appeal, repeatedly contacted the courts and bar association in an effort to have counsel removed from the case, and filed his habeas petition *pro se* the day he discovered that the AEDPA limitations period had expired due to attorney's failings)

In this case, Mayhew has not established that his habeas corpus petition was timely filed, nor has he established that

his circumstances warrant equitable tolling. Indeed, he has not alleged the existence of extraordinary circumstances beyond his control that prevented him from filing a timely petition, nor has he met the heavy burden of showing that he exercised reasonable diligence in prosecuting his claims and in bringing forth his habeas petition.

Because Respondent has asserted the defense of statute of limitations and Mayhew has failed to meet his burden of establishing extraordinary circumstances, justifying the equitable tolling of the AEDPA's limitations period, the undersigned finds that Mayhew's federal habeas petition should be dismissed as time-barred.

### III. Certificate of Appealability

Pursuant to Rule 11(a) of the Rules Governing § 2255 Proceedings, the undersigned recommends that a certificate of appealability in this case be **DENIED**. 28 U.S.C. § 2255, Rule 11(a) ("The district court must issue or deny a certificate of appealability when it enters a final order adverse to the applicant."). The habeas corpus statute makes clear that an applicant is entitled to appeal a district court's denial of his habeas corpus petition only where a circuit justice or judge issues a certificate of appealability. 28 U.S.C. § 2253(c)(1). A certificate of appealability may be issued only where "the applicant has made a substantial showing of the denial of a

constitutional right." 28 U.S.C. § 2253(c)(2).

Where a habeas petition is being denied, in part, on procedural grounds without reaching the merits of an underlying constitutional claim, "a COA should be issued [only] when the prisoner shows . . . that jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right and that jurists of reason would find it debatable whether the district court was correct in its procedural ruling." Slack v. McDaniel, 529 U.S. 473, 484, 120 S. Ct. 1595, 1604 146 L. Ed. 2d 542 (2000). Where a habeas petition is being denied on the merits of an underlying constitutional claim, a certificate of appealability should be issued only when the petitioner demonstrates "that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong." Id. ("To obtain a COA under § 2253(c), a habeas prisoner must make a substantial showing of the denial of a constitutional right, a demonstration that, under Barefoot v. Estelle, 463 U.S. 880, 893, 103 S. Ct. 3383, 3394 77 L. Ed. 2d 1090 (1983)], includes showing that reasonable jurists could debate whether (or, for that matter, agree that) the petition should have been resolved in a different manner or that the issues presented were adequate to deserve encouragement to proceed further.") (internal quotation marks omitted); accord Miller-El v. Cockrell, 537 U.S. 322, 336,

123 S. Ct. 1029, 154 L. Ed. 2d 931 (2003).

Mayhew's petition does not warrant the issuance of a Certificate of Appealability as his petition is clearly time-barred, and he has failed to present extraordinary circumstances beyond his control that prevented him from filing this action in a timely manner. Steed, 219 F.3d at 1300. Under the facts of this case, a reasonable jurist could not conclude either that this Court is in error in dismissing the instant petition or that Mayhew should be allowed to proceed further. Slack, 529 U.S. at 484 ("Where a plain procedural bar is present and the district court is correct to invoke it to dispose of the case, a reasonable jurist could not conclude either that the district court erred in dismissing the petition or that the petitioner should be allowed to proceed further."). Accordingly, the undersigned recommends that the Court conclude that no reasonable jurist could find it debatable whether Mayhew's petition should be dismissed. As a result, Mayhew is not entitled to a certificate of appealability, and consequently, he should not be permitted to proceed *in forma pauperis* on appeal.

**IV. CONCLUSION**

For the foregoing reasons, it is recommended that Respondent's Motion to Dismiss be **GRANTED** (Doc. 39), that Mayhew's Motion to Vacate, Set Aside, or Correct Sentence (Doc. 36) be **DISMISSED** as time-barred, and that judgment be entered in

16

favor of Respondent, the United States of America, and against Petitioner Marshall Dewayne Mayhew.  The undersigned Magistrate Judge further opines that Mayhew is not entitled to issuance of a Certificate of Appealability, and as a result, he should not be permitted to appeal *in forma pauperis*.

### Notice of Right to File Objections

A copy of this report and recommendation shall be served on all parties in the manner provided by law. Any party who objects to this recommendation or anything in it must, within fourteen (14) days of the date of service of this document, file specific written objections with the Clerk of this Court. *See* 28 U.S.C. § 636(B)(1); **Fed.R.Civ.P.** 72(b); S.D. ALA. GenLR 72(c). The parties should note that under Eleventh Circuit Rule 3-1, "[a] party failing to object to a magistrate judge's findings or recommendations contained in a report and recommendation in accordance with the provisions of 28 U.S.C. § 636(b)(1) waives the right to challenge on appeal the district court's order based on unobjected-to factual and legal conclusions if the party was informed of the time period for objecting and the consequences on appeal for failing to object. In the absence of a proper objection, however, the court may review on appeal for plain error if necessary in the interests of justice." *11th Cir. R. 3-1*. In order to be specific, an objection must identify the specific finding or recommendation to which objection is made,

state the basis for the objection, and specify the place in the Magistrate Judge's report and recommendation where the disputed determination is found. An objection that merely incorporates by reference or refers to the briefing before the Magistrate Judge is not specific.

**DONE** this **25th** day of **August, 2017.**

                                                /s/ SONJA F. BIVINS
                                   **UNITED STATES MAGISTRATE JUDGE**